## The Badger State.

(*District Court, N. D. Illinois.* May 27, 1881.)

1. COLLISION—STEAMER—SCHOONER.
    Where a sailing vessel and one propelled by steam are approaching each other bow on, the steamer must give way.

2. SAME—EVIDENCE.
    In case of a collision between such vessels, the steamer is *prima facie* in fault.

3. NEGLIGENCE—PARTICULAR INSTANCE.
    It amounts to negligence on the part of those in command of a steamer to make the port of Chicago at night at a speed from nine to ten miles an hour

In Admiralty.

BLODGETT, D. J. This is a libel for damages by a collision between the propeller Badger State and the schooner Helen Blood, owned by libellant.

The schooner left the port of Chicago, about 9 o'clock in the evening of October 9, 1877, in tow of the tug Protection, was towed out

to the vicinity of the crib, where she was let go, and proceeded to make sail.

The wind was about south-west, as is shown by the witnesses on both sides. The jib and foresail of the schooner were set, and her course was laid north by west. The captain, Thomas Matthews, was at the wheel, and the mates and seamen were engaged setting the remaining sails, when the lights of the propeller were discovered nearly ahead; the course of the steamer being, according to her witnesses, about south by east. The schooner did not change her course, and the steamer kept her course until a very short time before the collision, when she put her wheel to starboard, and swung to port so as to strike the schooner a severe but glancing blow on her starboard quarter, just abaft the main rigging, doing some damage to the schooner. The case was duly referred to Commissioner Proudfoot, who has taken the proof and reported, finding that the collision was occasioned by the negligence of those in charge of the steamer. To this report the respondent has filed exceptions, which have been fully argued. The substance of these exceptions is that the proofs show the collision occurred through the negligence of those in charge of the schooner, and not from any fault or neglect on the part of the steamer, because—

(1) The schooner did not have a proper lookout; (2) the schooner did not have proper signal lights set, as required by law, and did not display a torch in proper time to secure attention from the steamer; (3) that the captain of the schooner was intoxicated and incapable of attending to his duty.

At the time of the hearing on the exceptions, the testimony of three of respondent's witnesses tended to show that the captain was intoxicated on the night of the collision. Since the hearing, the deposition of Capt. Matthews has been taken and put into the record, in which he emphatically denies the charge of intoxication, and shows the respondent's witnesses to be so far mistaken in regard to other matters connected with his history as to at least seriously impair the value of their evidence upon the main charge of drunkenness.

In cases of collision between a steamer and schooner, the presumption as to who is at fault is stated by the supreme court of the United States as follows:

"If the two vessels in this case were approaching each other in opposite directions, so as to involve risk of collision, the duty of each was plainly marked out by the law. The steamer was required to keep out of the way, slacken her speed, or, if necessary, stop and reverse, while the schooner was required to maintain her course, and was not justified in changing it unless obliged to do so to avoid a danger that immediately threatened her. As the

steamer did not keep out of her way, and as the collision did occur, the steamer is *prima facie* liable, and can only relieve herself by showing that the accident was inevitable, or was caused by the culpable negligence of the schooner." *The Carroll*, 8 Wall. 302.

The collision having occurred, in this case the only question is, has the steamer shown that it was inevitable, or that it occurred through the culpable negligence of the schooner? The testimony bearing upon this question has been exhaustively and ably discussed and analyzed by the commissioner in his report, and, although, while I think it must be conceded that the questions of fact are not wholly free from doubt, yet, when we consider that the law has cast upon the steamer the burden of showing, by a preponderance of proof, that the collision was the result of the schooner's palpable negligence, I am not disposed to disturb the commissioner's finding.

The charge of negligence by reason of the intoxication of the captain, is, in my judgment, fairly overcome by the additional testimony before referred to, put into the record since the hearing. I will also add that the testimony shows the steamer's speed to have been from nine to ten miles an hour at the time of the collision—the same rate of speed at which she had been running the entire distance between Chicago and Milwaukee—and I think the suggestion of the commissioner a very pertinent one: that this was too fast a rate of speed for a steamer to be making in the night-time at the entrance to a harbor like Chicago, where there is not only a liability, but almost a certainty, of meeting sail vessels just arriving or departing, and where the utmost caution is required to avoid collision. It seems to me quite clear that this collision would not have occurred but for the high rate of speed at which the steamer was running.

The exceptions to the report are overruled, the report confirmed, and a decree will be entered finding the steamer at fault, and directing a reference to take proof and report as to damages.